Catron, Ch. J.
delivered the opinion of the court.
1. Could administration, of the goods of a resident citizen of another State, be granted in this, where the goods were at the time of his death, and previous to the passage of the act of 1831, ch.-24?
*65 This court is of opinion, that the act of 1794 gave general jurisdiction to tlie courts of pleas and quarter sessions as courts of probate. The courts of ordinary, within whose jurisdiction the goods were found, had cognizance to administer them by the English ecclesiastical and common law. Nor is this altered by the act of 1794, ch. 23, sec. 1, save in cases of persons residing in this State. In such cases the residence of the deceased at the time of his death, gives jurisdiction. But when a resident of a foreign kingdom or sister sovereignty dies, leaving goods -here, they are of course necessarily subject to be administered by our courts of probate,, not by the courts of France, England, or another State. The letters of administration granted abroad, cannot operate extraterritorium. Were it not so, the property of the nonresident planter or merchant dying, could not be reached by the creditor, or distributee. The real estate especially, can only be reached through the domestic administrator, after the plea of fully administered has been found in his favor. Peck vs. Wheaton’s heirs, Martin and Yerger: Gilman vs. Tisdale, 1 Yerger’s Rep. 285.
It is next insisted the act of 1809, ch. 121, makes an alteration of the law. It is a most remarkable statute, which gives jurisdiction to every court of ordinary and probate in the Union over our citizens. It cannot be extended beyond its letter, which authorizes the foreign administrator to prosecute suits in this State, and certainly does not repeal any of the general powers conferred upon the county courts by the act of 1794.
Administration may or may not be granted abroad; if not granted, the jurisdiction of our courts certainly would not be affected by reason of the unexercised power; and if granted, it is impossible to admit, consistently with our sovereignty, that our courts could be deprived of jurisdiction by the act of a foreign tribunal, of whose proceedings we could in fact know nothing, and of *66 which, in the nature of thing's, we could take no judicial . D ’ J notice.
2. We think this case is one of that character peculiarly within the jurisdiction of a court of equity. Wright held the legal title to the negroes as a naked trustee for Pearsall’s representatives, at the time he took possession of them.
3. The defendant in his answer, says he had to pay a judgment debt for Pearsall, in North Carolina, which was levied upon his jiroperty, and collected hy sale; and he claims to tack this debt to the mortgage. He proves by a witness the contents of the record. The record is the best and only evidence that can be heard, even could the debt be tacked, on which point the court give no opinion. We think there is no error in the decree below, and order it to be affirmed.
Decree affirmed.